## STATE v. MAGGIE HAIRSTON.

(Filed 9 April, 1958)

**Intoxicating Liquor § 9d—**

> Even though the quantity of intoxicating liquor found upon search of defendant's apartment was less than one gallon and therefore not sufficient to make a *prima facie* case of possession for sale, evidence that varieties of beverage were available in the apartment, that a number of different bottles had been opened and the contents of a number of them partially consumed, together with evidence that a number of persons were present at the apartment late at night, and that a number of two-ounce glasses were found in a pan of water in the sink, etc., *is held* sufficient to take the case to the jury upon the charge of possession of liquor for the purpose of sale.

APPEAL by defendant from *Preyer, J.,* January 1958 Term, DAVIDSON SUPERIOR COURT.

This criminal prosecution originated in the Davidson County Court upon a warrant charging the defendant with the unlawful possession of illicit liquors for sale. Upon a verdict of guilty and judgment thereon, the defendant appealed to the Superior Court of Davidson County.

At the trial in the superior court the defendant introduced evidence tending to show the following: At about 10:30 at night, two boys, one 15 years of age, went to Apartment No. 1 on Dixie Street in Lexington. A colored man who had been drinking came to the door and another colored man came out of the door, staggering, and left. A colored woman brought a paper bag containing two cans of beer and delivered it to the boys, for which they paid eighty cents. The police officers picked up the boys, obtained a search warrant for the first apartment, which belonged to the defendant. They made the search at about 12:30 at night. In the front room were two women and a man, and in the kitchen four men were sitting around a table. All the occupants were colored except one white man in the kitchen. One of the men had half a can of beer; another had a "shot" glass (about two ounces) containing some kind of beverage. Two pints of London Dry Gin were in a "sack" in the front room. In the apartment the officers also found two bottles of Gordon's Dry Gin, one full and the other containing about two ounces; two pints of Bourbon whisky, one full and the other about seven-eighths full; and one bottle of Vodka about three-fourths full; and seven cans of beer, six of Budweiser and one of High Life, were all found in the apartment. In a pan of water in the sink were six or seven two-ounce glasses. The unbroken bottles had unbroken stamps and the other bottles had broken stamps, indicating the tax had been paid on the contents. The amount of liquor in the house did not exceed one gallon.

One of the boys who bought the beer, the only one who testified, said the defendant was not the woman who made the delivery and took the money.

The defendant's motion for a directed verdict of not guilty was denied. The jury returned a verdict of guilty and, from the judgment imposed, the defendant appealed.

*George B. Patton, Attorney General*
*Ralph Moody, Assistant Attorney General, for the State.*
*Stoner and Wilson, By: J. Lee Wilson, for defendant, appellant.*

PER CURIAM. The only question raised by the appeal is the sufficiency of the evidence to make out a case for the jury. While the quantity of liquor found in the defendant's apartment was not sufficient to make out a *prima facie* case she had it for sale; nevertheless, the varieties of the beverage available in the apartment, evidence that a number of different bottles had been opened and the contents partially consumed, the time of the night and the number of persons present, the number of two-ounce glasses, together with other facts and circumstances, taken together constitute sufficient evidence to sustain the jury's finding.

No Error.